**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO-MORA,<br><br>                 Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                 Respondent. | No.   14-71751<br><br>Agency No. A201-289-451<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Jose Antonio-Mora, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Antonio-Mora established extraordinary or changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, we deny the petition as to Antonio-Mora's asylum claim.

The agency did not err in finding that Antonio-Mora failed to establish membership in a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" does not constitute a particular social group); *Delgado-Oritz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" does not constitute a particular social group). We lack jurisdiction to consider Antonio-Mora's argument about a new social group that he did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below). Thus, we

14-71751

deny the petition for review as to Antonio-Mora's withholding of removal claim.

Substantial evidence supports the agency's denial of CAT relief because Antonio-Mora failed to show it is more likely than not that he will be tortured upon his return to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Finally, we lack jurisdiction to consider Antonio-Mora's contention as to his prior attorney's conduct before the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance] claims.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**